UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRIGORE SAPTESTE and M.S., a minor, | No.  2:26-cv-1825 DC AC PS |
| Plaintiffs, | |
| v. | ORDER and |
| TOGS OTGONDAATAZ, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I.  Screening**

A.  Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff Grigore Saptesate asks the court to review the ruling of the California State Superior Court's decision in a dog bite case involving his minor child, M.S., who is identified as a co-plaintiff. ECF No. 1 at 1, 3.  Grigore Saptesate alleges that when he opened a small case in Superior Court everything was suspicious because of misconduct, abuse, scams, shames, and improper influence.  Id. at 3.  The dog tore plaintiff's son's pants, but the judge gave him only

2

$100. Id. Plaintiff alleges the state court judge "didn't take correct decision" despite the evidence, and that the "verdict was very BAD and stupid[.]" Id. When asked to state the basis for federal jurisdiction, plaintiff checks the "federal question" box and writes, "I know you're high level court than Superior Court … I'm not agree with judge and Superior Court about my minor SON DOG BITE CASE . . . $100 for legs injuries I want correct justice please." Id. at 4.

### B. Analysis

#### 1. The Pro Se Plaintiff Cannot Sue on Behalf of His Son

Plaintiff Grigore Saptesate, who is appearing in pro se, has named his minor son as a co-plaintiff. ECF No. 1 at 1. Plaintiff cannot pursue a claim on behalf of his minor child, because he cannot represent others while appearing pro se. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself"). Accordingly, this case cannot proceed insofar as plaintiff is proceeding pro se and seeking relief on behalf of his minor son. Any lawsuit presenting the claims of M.S. must be filed by a lawyer. As a self-represented litigant, plaintiff can sue only on his own behalf.

#### 2. Plaintiff Himself Appears to Lack Standing

Article III of the U.S. Constitution requires that a plaintiff must have "standing" in order to bring a lawsuit. To establish Article III standing, a plaintiff must show—among other things—that he has been subjected to "an injury in fact," which means a concrete and particularized invasion of his own legally protected interest. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The complaint does not identify any injury to a legally protected interest of plaintiff Grigore Saptesate; it appears to rest entirely on injury to the minor M.S.

#### 3. The *Rooker-Feldman* Doctrine Bars this Case

The court is prohibited from hearing this case in its entirety because Federal District Courts cannot hear appeals from state court rulings. The Rooker-Feldman doctrine[1] prohibits

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

Here, the plaintiff expressly asks this court to review the Superior Court's decision in his son's dog bite case. ECF No. 1 at 5. This federal court may not reconsider the judgments of state courts. The Rooker-Feldman doctrine bars this court's consideration of plaintiff's case. Appellate review of a superior court's decision is available only in the California Court of Appeal.

## II. Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Here, the deficiencies of the complaint cannot be cured by amendment. It is very clear from the contents of the complaint that plaintiff received a judgment in state court regarding

his minor child's dog bite injuries, and that he is asking this court to act as an appellate court to review the state court's decision. The federal district court cannot review or overturn the state court's decision. For this reason, the court finds that amendment would be futile. Dismissal therefore should be without leave to amend.

### III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because federal district courts do not have authority to overrule decisions by state courts. If you want to appeal the Superior Court's decision in the dog bite case involving your son, you must do that within the state court system. You have 21 days to object to this recommendation if you wish to do so. The District Judge will make the final decision.

### IV. Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 26, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE